IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. JONES, II, | ) | |
| Plaintiff, | ) | Civil Action No. 06-1083 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Lenihan |
| WILLIAM SCHOUPPE and FRANK DERAMOS, | ) | |
| | ) | Re: Doc. No. 11 |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I.  RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss at Doc. No. 11 be granted in part and denied in part. The Motion to Dismiss Plaintiff's claims regarding new clothing, shoes, delays in receiving toilet paper and other sundries, and the necessity of eating in cells on occasion should be granted. The Motion to dismiss on the issue of access to the courts should also be granted. The Motion to Dismiss Plaintiff's claims regarding failure to provide a diabetic friendly diet should be denied.

II.  REPORT

  A.  Facts

Plaintiff, pro se, avers that he was admitted to the Beaver County Jail on April 2, 2005, and released on November 29, 2005. (Complaint, Doc. No. 3 at ¶ IV. A.) He alleges that the Defendants in this matter, Warden William Schouppe, and Dietary Supervisor Frank

Deramos, failed to respond to the following complaints:

1. Upon his arrival to the facility, he was issued clothing worn by previous inmates; he complains that new inmates should be issued new clothing. (Doc. No. 3 at p. 4, ¶ 1.)

2. He also alleges that he was issued shoes worn by previous inmates and that "holes and rips are forthcoming in little to no time." (Doc. No. 3 at p. 4, ¶ 2.) He further avers that inmates must wait 3-4 months for a new pair of shoes, and until that time you must "walk around with holes in your shoes until you are able to buy a pair." (Doc. No. 3 at p. 4, ¶ 2.) He concludes that "inmates should not be forced with extortion tactics to buy shoes when they should be issued as prison issued clothing." (Doc. No. 3 at p. 4, ¶ 2.)

3. Plaintiff further avers that sometimes inmates "go for days without toilet paper[,] and soap[,] toothpaste[,] and deodorant for the indigent and for population." (Doc. No. 3 at p. 4, ¶ 3.)

4. Plaintiff also alleges that the facility "does not provide enough chairs or tables in day room for population (pod) to eat." (Doc. No. 3 at p. 4, ¶ 4.) Consequently, inmates are forced to eat in their cells where their bathroom facilities are located when seating in day room is limited. (Doc. No. 3 at p. 4, ¶ 4.)

5. Plaintiff also complains that although there is a computer shared by 5 pods for purposes of doing legal research, there are no books, and "no way for those who are not computer literate to find or use case law." (Doc. No. 3 at p. 5.) As a result, Plaintiff continues, an inmate may have access to the computer every other month, if even that often. (Doc. No. 3 at p. 5.) Plaintiff also notes that there is "[n]o law liason[sic] to help you study the law." (Doc.

No. 3 at p. 5.)

    6. Finally, Plaintiff complains that although he informed the Warden, medical staff, and other personnel that he was an insulin dependent diabetic, he was not provided with a diabetic friendly diet.  As a result, Plaintiff avers that he had to increase his insulin intake, his blood pressure and sodium levels increased, and he experienced swelling of hands, feet, and legs, "vision blurriness," headaches and severe nausea.  (Doc. No. 3 at p. 6.)  Plaintiff also states that he has incurred medical expenses in the amount of $25,000 which includes "needed tests upon [his] release."  (Doc. No. 3 at p. 3, ¶ VI.)

    Plaintiff also seeks damages for mental and emotional stress and humiliation, and requests that the prison change how diabetics are fed and treated, including the hiring of a dietician.  (Doc. No. 3 at p. 3, ¶ VI..)

    B. <u>Legal Standard</u>

    As the United States Supreme Court recently held in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  <u>Id</u>. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  <u>Angelastro v. Prudential-Bache Securities, Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See <u>California Pub. Employees' Ret. Sys. v. Chubb Corp.</u>, 394 F.3d 126, 143 (3d

Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), quoted in Higgins, 293 F.3d at 688 ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.").

    C.    Analysis

        1.    Previously worn clothes, shoes, denial of personal hygiene items for days, and shortage of chairs or tables in day room requiring inmates to eat in cells.

Claims 1 through 4 appear to be Eighth Amendment claims regarding conditions

4

of confinement.

A prison official violates the Eighth Amendment when two requirements are met. The first requirement, an objective one, is that the deprivation alleged must be "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The United States Supreme Court has stated that extreme deprivations are required to make out a conditions-of-confinement claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Court noted that "routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" Hudson, 503 U.S. at 9 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Court continued, that in order to make out an Eighth Amendment claim, the deprivations alleged must be so grave as to deny "the minimal civilized measure of life's necessities." Id.

The second requirement, a subjective one, is that a prison official must act with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297). "In prison-conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety . . .." Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 302-03). In Farmer, the United States Supreme Court clarified its meaning of the term "deliberate indifference" as follows:

> We hold instead that a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference . . .. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

5

Farmer, 511 U.S. at 837-38.

Here, Plaintiff avers nothing in his Complaint to suggest that his first four claimed deprivations rise to the level of an Eighth Amendment violation. With regard to the first requirement, the alleged deprivations (used clothing and shoes, temporary denial of toiletries and certain hygiene items, and eating in his cell), are not "sufficiently serious" so as to rise to the level of an Eighth Amendment violation. Instead, these conditions, at most, caused Plaintiff inconvenience, discomfort, or indignity incidental to prison life. See Young v. Berks County Prison, 940 F. Supp. 121, 124 (E.D. Pa. 1996) (inmate's complaint that he was forced to wear ill-fitting, dirty, or torn clothes not "sufficiently serious" under Eighth Amendment analysis).

In addition, the Plaintiff fails to aver facts suggesting that prison officials were aware of and disregarded an excessive risk to his health or safety relating to these deprivations.

Thus, Defendants' Motion to Dismiss Plaintiff's claims regarding new clothing, shoes, delays in receiving toilet paper, soap, toothpaste, and deodorant, and the necessity of eating in cells when seating in day room is limited should be granted.

2. Failure to provide law library, limited access to computer legal research, and failure to provide law liaison to assist in study of the law.

Here, it appears that Plaintiff is attempting to allege that Defendants have violated his First Amendment right of access to the courts by failing to provide law books, limiting his access to computer legal research, and by failing to provide him with a legal liaison to assist in his study of the law. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities

to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. Almost twenty years later, however, in Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court repudiated much of its holding in Bounds. In Lewis, the Court indicated that Bounds did not establish the right of a prisoner to a law library or to legal assistance. Lewis, 518 U.S. at 350. Instead, the Lewis Court stated that Bounds concerned the well-established right of access to the courts. Id. Specifically, the Lewis Court noted that "[b]ecause Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. The Lewis Court continued, that "'meaningful access to the courts is the touchstone,'" and therefore, the plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. (quoting Bounds, 430 U.S. at 823).

In order for a prisoner to state a claim for denial of access to the courts, a plaintiff must allege the following:

(1) a non-frivolous, underlying claim;

(2) the official acts frustrating the litigation;

(3) a remedy that may be awarded but that is not otherwise available in a future suit. Christopher v. Harbury, 536 U.S. 403, 415 (2002). The United States Supreme Court has emphasized that "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher, 536 U.S. at 416.

7

Here, Plaintiff has failed to identify any legal action he was unable to pursue as a result of limited access to legal materials via a shared computer, and the absence of books and legal assistance. Therefore, Defendants' Motion to Dismiss on the issue of access to the courts should be granted.

      3.      <u>Failure to provide a diabetic friendly diet.</u>

Conversely, Plaintiff has stated an Eighth Amendment claim regarding conditions of confinement as to Defendants' failure to provide a diabetic friendly diet. First, the alleged deprivation is "sufficiently serious." See Farmer, 511 U.S. at 834. Plaintiff describes himself as a diabetic with an insulin dependency and that he requires a diet of a specified number of calories. He further states that his sugar intake was to be monitored constantly, and that his carbohydrate and cholesterol levels must be watched. Plaintiff further avers that he attempted to watch his intake himself but that he was forced to eat foods that exacerbated his condition because these foods were all that was available. He continues that he had to take more insulin to combat the effects of the poor diet. In addition, he avers that he experienced physical injuries in the form of swelling in his hands, feet, and legs, blurred vision, headaches and severe nausea. (Doc. No. 3 at p. 6.) Moreover, Plaintiff avers that he has followed prison protocol and informed the medical department of his symptoms and that upon his release, he incurred $25,000 in medical expenses including needed tests. (Doc. No. 3 at p. 6 & p. 3, ¶ VI.))

Second, Plaintiff has averred facts sufficient to suggest that Defendants acted with "deliberate indifference" to Plaintiff's health or safety. See Farmer, 511 U.S. at 834. That is,

8

Plaintiff avers that he also complained to Defendant Warden and Defendant Dietary Supervisor on numerous occasions and that "[t]hey will not and have not responded." (Doc. No. 3 at p. 6.)

Finally, Plaintiff's claims for injunctive relief are inappropriate because he is no longer incarcerated. See Weaver v. Wilcox, 650 F.2d 22, 27 & n. 13 (3d Cir. 1981) (prisoner lacks standing to seek injunctive relief when no longer subject to challenged conditions). Plaintiff's claim for compensatory damages, however, is appropriate, as he has alleged more than a de minimus physical injury relating to his claim against Defendants for failure to provide a diabetic friendly diet. See Mitchell v. Horn, 318 F.3d 523, 533-536 (3d Cir. 2003) ("less-than-significant-but-more-than-de minimus physical injury" required as a predicate to allegations of emotional injury pursuant to section 803(d) of Prison Litigation Reform Act).

Therefore, Defendants' Motion to Dismiss Plaintiff's Eighth Amendment conditions of confinement claim regarding failure to provide a diabetic friendly diet should be denied.

III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss at Doc. No. 11 be granted in part and denied in part.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: November 28, 2007

cc: The Honorable Gary L. Lancaster
United States District Court Judge

Thomas E. Jones, II
865 Rear 5th Avenue
Coraopolis, PA 15108
Pro se

All Counsel of Record

Via electronic filing