```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


THOMAS E. JONES, II,          )
                              ) Civil Action No. 06 - 1083
                              )
          Plaintiff,          ) Judge Gary L. Lancaster
                              ) Magistrate Judge Lisa Pupo
v.                            ) Lenihan
                              )
MR. WILLIAM SHOUPPE,          )
Warden;                       )
MR FRANK DERAMOS, Dietary     )
Supervisor,                   )


          Defendants.
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the this action be dismissed for failure to prosecute.

**II.   REPORT**

On August 14, 2006, Plaintiff in this case filed a civil rights action based upon his incarceration in the Beaver County Jail against William Schoupe, Warden and Frank Deramos, Dietary Supervisor.  On January 15, 2008, the District Court granted Defendants' Motion to Dismiss in this action with the exception of Plaintiff's Eighth Amendment claim regarding the alleged failure to provide him with a diabetic diet (doc. no. 15).  On February 4, 2008, Plaintiff failed to appear for a scheduled status conference (doc. no. 19).  On March 28, 2008, Defendants filed a Motion to Compel Answers to Interrogatories and Requests for Admissions (doc.

1

no. 20). On April 1, 2008, this Court granted Defendants' Motion and ordered Plaintiff to send Defendants Responses to its Requests for Admission and Answers to its Interrogatories no later than April 22, 2008. The Order informed Plaintiff that his failure to comply would result in an order to show cause why this action should not be dismissed for failure to prosecute. Plaintiff failed to comply with this Court's April 1, 2008 Order. Therefore, on May 5, 2008, the Court ordered Plaintiff to file with the Clerk of Court a reason to show cause why this case should not be dismissed for failure to prosecute no later than May 16, 2008. The Order further informed Plaintiff that his failure to respond by May 16, 2008, would result in a report to the District Judge recommending dismissal of this case.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for fail-

2

ure to obey pre-trial orders and participate in discovery was
proper.

> (1) the extent of the <u>party's</u> personal <u>respon-
> sibility</u>; (2) the <u>prejudice</u> to the adversary
> caused by the failure to meet scheduling or-
> ders and respond to discovery; (3) a <u>history</u>
> of dilatoriness; (4) whether the conduct of
> the party or attorney was <u>willful</u> or in <u>bad
> faith</u>; (5) the effectiveness of sanctions
> other than dismissal, which entails an anal-
> ysis of <u>alternative sanctions</u>; and (6) the
> <u>meritoriousness</u> of the claim or defense.

*Id.*, at 868. These factors must be balanced in determining whether
dismissal is an appropriate sanction, although not all need to
weigh in favor of dismissal before dismissal is warranted. <u>Hicks v.
Feeney</u>, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors
listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is
no indication that he failed to receive the orders set forth above.
The responsibility for his failure to respond to the orders in
question is Plaintiff's alone.

(2) Prejudice to the adversary.

In <u>Poulis</u>, prejudice was found to exist where the
adversary was required to prepare and file motions to compel
answers to interrogatories. In this case, Defendants filed a
Motions to Compel Responses to Requests for Admission and Answers
to Interrogatories on March 28, 2008. Accordingly, this favor
weighs in favor of dismissal.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward. He failed to attend the scheduled status conference, failed to respond to Defendants' discovery requests and ignored this Court's Orders of August 1, 2008 and May 5, 2008. This is sufficient evidence, in the court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect", <u>Poulis</u>, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

Plaintiff has failed to set forth sufficient evidence upon which to assess liability against Defendants. Thus, this factor weighs in favor of dismissal.

All of the six <u>Poulis</u> factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated:      May 19, 2008

cc:         The Honorable Gary L/ Lancaster
            United States District Judge

            Thomas E. Jones, II
            865 Rear 5th Avenue
            Coraopolis, PA 15108

            Counsel of Record